# **EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BUSHANSKY, Derivatively on Behalf of American Renal Associates Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH A. CARLUCCI, SYED T. KAMAL, MICHAEL E. BOXER, THOMAS W. ERICKSON, JARED S. HENDRICKS, JOHN M. JURELLER, STEVEN M. SILVER, PATRICK T. RYAN, SUSANNE V. CLARK, and ROBERT H. FISH, <br><br> Defendants, <br> and <br><br> AMERICAN RENAL ASSOCIATES HOLDINGS, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 17-cv-12091-ADB |

## STIPULATION AND AGREEMENT OF
## SETTLEMENT, COMPROMISE AND RELEASE

This Stipulation and Agreement of Settlement, Compromise and Release (the "Stipulation") is made as of March 29, 2018, by and among the following parties, in the above-captioned derivative action (the "Action"):   (i) Stephen Bushansky ("Bushansky" or the "Plaintiff"), derivatively on behalf of American Renal Associates Holdings, Inc. ("ARAH" or the "Company"), by and through Plaintiff's Counsel (defined below); (ii) defendants Joseph A. Carlucci, Syed T. Kamal, Michael E. Boxer, Thomas W. Erickson, Jared S. Hendricks, John M. Jureller, Steven M. Silver, Patrick T. Ryan, Susanne V. Clark, and Robert H. Fish (the "Individual Defendants"); (iii) ARAH, as nominal defendant (together with the Individual Defendants, the "Defendants"), by and through their respective counsel.  This Stipulation sets

forth the terms and conditions of the settlement and resolution of the Action and is intended by

the Plaintiff and Defendants (collectively, the "Parties") to fully, finally and forever resolve,

discharge and settle all Released Claims (as defined below) as against the Released Parties (as

defined below), subject to the approval of the United States District Court for the District of

Massachusetts (the "Court") and such approval becoming Final.

I.      **DESCRIPTION OF THE ACTION AND THE RELATED SECURITIES CLASS ACTION**

ARAH is a Delaware corporation that is in the business of providing outpatient

dialysis services.  ARAH's stock has been traded on the New York Stock Exchange since its

April 20, 2016 Initial Public Offering ("IPO").

On January 27, 2017, ARAH shareholder Stephen Bushansky, through his

counsel, sent a demand letter to the Board of Directors of ARAH (the "Board") setting out his

concerns that ARAH had been damaged as a result of alleged misconduct with respect to

ARAH's patient education program and charitable contributions to third-party premium

assistance programs (the "Demand").  The Demand requested that the Board: (1) perform a

thorough and far-reaching investigation of the allegations set forth in the Demand and of the

Company's internal controls, corporate governance practices and procedures, and compliance

mechanisms; (2) institute claims against persons on behalf of the Company; and (3) adopt and

implement internal controls, compliance mechanisms, and corporate governance measures.

In response to the Demand, the Board formed a special committee (the "Demand

Committee"), which was comprised of three of the six outside, non-management independent

directors.  After conducting a good faith investigation with the assistance of outside counsel, the

Demand Committee made a recommendation to the Board that it refuse the Demand.  The Board

thereafter accepted the Demand Committee's recommendation and voted to refuse the Demand.

Plaintiff was informed of the Board's refusal on May 8, 2017.  Between May 23, 2017 and June 6, 2017, counsel for Plaintiff and ARAH exchanged letters further discussing the Demand and the Board's refusal.

On October 25, 2017, Bushansky commenced the instant Action by filing with the Court a Verified Shareholder Derivative Complaint, alleging that the Board wrongfully refused the Demand and asserting claims against the Individual Defendants for (i) violation of Section 14(a) of the Securities Exchange Act of 1934 based on negligence, (ii) breach of fiduciary duty, (iii) gross mismanagement, and (iv) unjust enrichment in connection with the allegations stated in the Demand.  Plaintiff also sought indemnification, restitution, and an order that ARAH make various reforms to its compliance, internal controls, and corporate governance practices. Defendants deny each and every claim alleged by Plaintiff.  When filed, the Action was related to the securities class action lawsuit, *Esposito, et al. v. American Renal Associates Holdings, Inc., et al.*, No. 16-cv-11797 (the "Securities Class Action").

In December 2017, Plaintiff's Counsel was contacted by Jed Melnick, Esq., a mediator at JAMS who had successfully mediated terms for resolution of the Securities Class Action.  In the call, Plaintiff agreed to attempt to mediate a resolution of this Action with the assistance of Mr. Melnick and JAMS.  In furtherance of the effort to resolve the Action, on December 20, 2017, at the request of Plaintiff's Counsel, counsel for ARAH sent a letter summarizing the corporate governance changes ARAH has undertaken since the date of the Demand, and relating to the matters discussed in the Demand.

On January 17, 2018, the Parties filed a joint motion for a stipulated order establishing a schedule for Defendants' response to the complaint.  Defendants accepted service

of the complaint without prejudice and without waiver of any defenses, including any arguments regarding personal jurisdiction.

Counsel for Plaintiff and ARAH participated in a mediation conducted by Mr. Melnick, JAMS mediator, on January 26, 2018.  At the mediation, Plaintiff and ARAH were able to agree upon the terms of a settlement of the Action.  After the principle terms of settlement were agreed to, the parties, with the assistance of Mr. Melnick, then negotiated the Attorneys' Fees and Expenses to be paid to Plaintiff's Counsel, subject to the Court's approval.

## II. PLAINTIFF'S COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFF'S CLAIMS, AND THE BENEFITS OF SETTLEMENT

Plaintiff, by and through Plaintiff's Counsel, has thoroughly considered the facts and law underlying the Action and has conducted extensive investigation relating to the claims and the underlying events alleged in the Action, including:   (i) inspecting, reviewing, and analyzing the Company's filings with the Securities and Exchange Commission (the "SEC"); (ii) inspecting, reviewing, and analyzing, news reports and other information concerning the underlying matters alleged in the Complaint; (iii) inspecting, reviewing, and analyzing the pleadings and other papers in the lawsuit filed by United Health Group, Inc. against ARA in the United States District Court for the Southern District of Florida (the "United Lawsuit"); (iv) inspecting, reviewing, and analyzing the pleadings and other papers filed in the Securities Class Action; (v) researching the applicable law with respect to the matters set out in the Demand; and (vi) researching the applicable law with respect with the claims asserted in the Action and the potential defenses thereto.

Plaintiff believes that the claims asserted in the Action have merit.  Nonetheless, Plaintiff and Plaintiff's Counsel also recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual

Defendants through trial and appeal.  Plaintiff and Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiff and Plaintiff's Counsel are also mindful of the inherent problems of proving the violations asserted in the Action.  In consideration of the mediation that led to the settlement and after weighing the risks of continued litigation, Plaintiff and Plaintiff's Counsel have determined that it is in the best interests of ARAH and its shareholders that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, and that these terms and conditions are fair, reasonable, adequate, and confer substantial benefits to ARAH and its shareholders.

### III.  DEFENDANTS' DENIALS OF WRONGDOING AND REASONS FOR SETTLEMENT

Defendants deny each and all of the claims and contentions alleged in the Action. Defendants believe they have substantial defenses to the claims alleged against them in the Action and expressly deny any misconduct alleged in the Action and further deny any wrongdoing, legal liability, or violation of any laws arising out of any of the conduct alleged in the Action.  Neither this Stipulation, nor any document referred to herein, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing, or liability whatsoever or the lack of merit of any defense that had been or could have been asserted to such claim.

Defendants nevertheless recognize that further conduct of the Action against them would be protracted, expensive, and distracting.  If the Action is not settled, substantial amounts of time, energy, and resources will have to be devoted to the defense of the claims asserted in the Action.  Defendants have, therefore, determined that it is desirable and beneficial to them and to

the Company that the Action should be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation to eliminate the burden and expense of further protracted litigation.

## IV.   TERMS OF THE STIPULATION

NOW THEREFORE, IT IS STIPULATED AND AGREED, by and among the Parties, through their respective counsel of record, that the Action shall be fully and finally compromised and settled, that the Released Claims shall be released as against the Released Parties, and that the Action shall be dismissed with prejudice, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23.1(c), upon and subject to the following terms and conditions:

### A.   Definitions

In addition to the terms defined above, as used in this Stipulation, the following additional terms have the meanings specified below:

1.   "Attorneys' Fees and Expenses Amount" means the agreed-upon amount of $350,000 for attorneys' fees and expense reimbursement, subject to Court approval, as described in ¶ IV(D)(1) of this Stipulation.

2.   "Current ARAH Shareholders" means any Person who holds or beneficially holds ARAH common stock as of the date of the execution of this Stipulation and who continues to hold her, his, or its ARAH common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant.

3.   "Defendants' Counsel" means the law firms of Milbank, Tweed, Hadley & McCloy LLP, Greenberg Traurig LLP, and Wilmer Cutler Pickering Hale and Dorr LLP.

6

4.      "Effective Date" means the first date by which all of the conditions precedent set forth in ¶ IV(G)(1) of this Stipulation have been met and occurred or have been waived in writing by the Parties.

5.      "Final" means the date upon which any judgment or order, including the Final Judgment Order, in the Action becomes no longer subject to further appeal or review, including, without limitation: (a) if no appeal is filed, the date of expiration of the time provided for the filing or noticing of any appeal under the Federal Rules of Appellate Procedure; or (b) if an appeal is filed in the Action, (i) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (ii) the date upon which the judgment in the Action is finally affirmed on appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.   However, any appeal proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Attorneys' Fees and Expenses Amount, as defined in ¶ IV(A)(1) shall not in any way delay or preclude the Final Judgment Order from becoming Final.

6.      "Final Judgment Order" means the Order and Final Judgment of the Court, substantially in the form attached hereto as Exhibit B, approving the settlement and dismissing the Action with prejudice without costs to any Party (except as provided in this Stipulation).

7.      "Notice" means, collectively, the Notice of Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear, substantially in the form attached hereto as Exhibit A-1 ("Long Form Notice"), and the Summary Notice of Proposed Settlement of

Shareholder Derivative Action, substantially in the form attached hereto as Exhibit A-2 ("Summary Notice").

8.     "Person" means any individual, corporation, limited-liability company, partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or entity and their respective agents, spouses, heirs, predecessors, successors, personal representatives, representatives and assigns.

9.     "Plaintiff's Counsel" means the following counsel:  (i) Shapiro Haber & Urmy LLP, located at Two Seaport Lane, Boston, MA 02210; and (ii) WeissLaw LLP ("WeissLaw"), located at 1500 Broadway, New York, NY 10036.

10.     "Released Claims" means any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether derivative, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Current ARAH Shareholders or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or

indirectly, any conduct alleged in the Action or that could have been alleged on behalf of ARAH, including those that were threatened, asserted, or could have been asserted by any of ARAH's shareholders, or that ARAH could have asserted directly, in any court, tribunal, forum or proceeding, against any of the Defendants or the other Released Parties.

11.     "Released Parties" means all and each of Defendants, and all and each of their respective past and present parents, subsidiaries, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, insurers, and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing.

12.     "Settlement Hearing" means the hearing required under Rule 23.1 of the Federal Rules of Civil Procedure, at or after which the Court will review the adequacy, fairness and reasonableness of the settlement and determine whether to enter a final judgment that is in substance materially the same as the [Proposed] Final Judgment Order attached hereto as Exhibit B, including the Attorneys' Fees and Expenses Amount.

13.     "Unknown Claims," as used herein and in the Final Judgment Order, means any Released Claims that a Person granting a Release hereunder does not know or suspect to exist in his, her or its favor at the time of the Release, including without limitation those that, if known, might have affected the decision to enter into or object to the settlement of the Action. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiff and Defendants shall have expressly waived, and ARAH and each of the

other Current ARAH Shareholders shall be deemed to have, and by operation of the Final

Judgment Order entered by the Court shall have, waived, relinquished and released, to the fullest

extent permitted by law, any and all provisions, rights and benefits conferred by any statute or

law which is similar, comparable or equivalent to, or which has the effect of, California Civil

Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

Plaintiff and Defendants acknowledge, and ARAH and all other Current ARAH Shareholders by

operation of law shall be deemed to have acknowledged, that they are aware that they may

hereafter discover facts in addition to or different from those now known or believed to be true

with respect to the subject matters of the Released Claims, but that it is the intention of Plaintiff

and Defendants, and of ARAH and all other Current ARAH Shareholders by operation of law,

upon the Effective Date, to have, fully, finally, and forever settled and released any and all

claims within the scope of the Released Claims, whether known or unknown, suspected or

unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist,

may hereafter exist or may heretofore have existed, without regard to the subsequent discovery

or existence of such different or additional facts.  In entering and making this Stipulation, the

Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and

remain in effect notwithstanding any mistake of fact or law.  The Parties acknowledge, and

ARAH and all other Current ARAH Shareholders by operation of law shall be deemed to have

acknowledged, that this waiver and the inclusion of "Unknown Claims" in the definition of

"Released Claims" were separately bargained for and are material elements of the Stipulation

and were relied upon by each and all of the Parties in entering into the Stipulation and agreeing to the settlement.  All of the foregoing is the definition of "Unknown Claims."

B.      **Settlement Consideration**

1.      ARAH acknowledges that Plaintiff's Demand constituted a factor in numerous post-Demand corporate governance and internal control enhancements implemented within the Compliance and Accounts Receivable departments of the Company, including (i) ARAH expanded the Compliance Department to include a new Deputy Compliance Officer to assist the Chief Compliance Officer with oversight and implementation of all aspects of the Company's compliance program; (ii) ARAH hired an individual with seventeen years of relevant compliance experience to fill the newly-created position of Deputy Compliance Officer; (iii) ARAH has implemented several changes to its Accounts Receivable division.   ARAH restructured the Accounts Receivable division such that the collections function for the government and self-pay insurance is performed in a department distinct from collections for commercial insurance.   The departments are supervised by independent senior directors who report directly to ARAH's Chief Financial Officer; and (iv) ARAH introduced a second senior management position to the Patient Insurance Education and Certified Application Counselor programs.   While the existing Senior Director of Accounts Receivable Patient Insurance Education continues to supervise patient insurance educators, the new Senior Director of Patient Insurance Education is responsible for overseeing the training, support, and compliance aspects of the insurance education program.   Both the Senior Director of Accounts Receivable Patient Insurance Education and the new Senior Director of Patient Insurance Education report directly to ARAH's Chief Financial Officer.

2.     The following corporate governance changes represent ongoing changes that have been established or will be implemented by ARAH and the Board as a direct and substantial result of the prosecution and/or settlement of the Action:

(a)     the Company's Compliance Committee Charter has been amended to provide that the Chief Financial Officer of ARAH, to whom several officers responsible for compliance report, may call a special meeting of the Compliance Committee (in addition to those authorized under the prior Compliance Committee Charter); and

(b)     the Company's Compliance Committee Charter has been amended to provide that the Compliance Committee may retain independent counsel of its choosing if and when it deems necessary, the fees for any such counsel to be paid by ARAH.

3.     ARAH acknowledges and agrees that the Settlement consideration set forth above confers substantial and material benefits upon ARAH and its stockholders.

4.     After entry of the Preliminary Approval Order, ARAH will produce documents to Plaintiff's Counsel reflecting the corporate governance and internal control enhancements already implemented, as well as documents reflecting the changes enumerated in this Stipulation.   ARAH will also provide for Plaintiff's Counsel's review at Defendants' Counsel's offices documents reasonably sufficient to show information provided to the Board regarding certain matters at issue in the Action.  The Company's Chief Compliance Officer will be made available at a mutually agreeable time after the documents specified herein are produced or provided, but at least twenty (20) calendar days before the Settlement Hearing, for interview by Plaintiff's Counsel regarding the changes enacted by ARAH.

5.     Apart from ARAH's provision—at its own cost—of notice of the settlement to Current ARAH Shareholders, in the form and manner approved by the Court, no

Defendant shall have any further obligation to Plaintiff, Plaintiff's Counsel or ARAH in connection with the Action, the settlement, or the Released Claims, except as provided in ¶¶ IV(D)(1)-(2) and (E)(2) of this Stipulation.

**C.      The Court's Order Preliminarily Approving the Settlement and Providing for Notice and Settlement Hearing**

1.      Promptly after execution of this Stipulation, Plaintiff shall submit this Stipulation together with its exhibits to the Court and shall move for an order that is in substance materially the same as the proposed Order attached hereto as Exhibit A ("Preliminary Approval Order"), which shall include provisions that:

(a)      Preliminarily approve the settlement as embodied in this Stipulation as being fair, reasonable, and adequate;

(b)      Approve the form and manner of providing Notice of the settlement to Current ARAH Shareholders, as set forth in ¶ 2 below, and find that such Notice constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the notices to all Persons entitled to receive notice, and fully satisfy the requirements of due process, Fed. R. Civ. P. 23.1, and all other applicable laws and rules;

(c)      Schedule a hearing to be held by the Court ("Settlement Hearing") on a date at least forty-five (45) calendar days after entry of the Preliminary Approval Order in order to determine: (i) whether the settlement should be approved as fair, reasonable, and adequate; (ii) whether a final judgment should be entered that is in substance materially the same as Exhibit B attached hereto; (iii) whether to approve the Attorneys' Fees and Expenses Amount to be paid to Plaintiff's Counsel;

(d)      Provide that any objections to the settlement shall be heard, and any papers submitted in support of said objections shall be received and considered by the Court, at

13

the Settlement Hearing (unless, in its discretion, the Court shall direct otherwise), only if, at least ten (10) calendar days before the Settlement Hearing, Persons making objections give notice of their intention to appear and file with the Court and submit copies of such papers as they propose to submit to Plaintiff's Counsel and counsel for Defendants, in the manner described in the Notice; and

(e)     Provide that, upon entry of the Final Judgment Order, all Current ARAH Shareholders, shall be permanently enjoined and barred from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claims against any of the Released Parties, and that all Current ARAH Shareholders conclusively shall be deemed to have released any and all such Released Claims, except for proceedings to enforce this Stipulation.

2.     Notice to Current ARAH Shareholders shall consist of the Notice of Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear, substantially in the form attached hereto as Exhibit A-1 ("Long Form Notice"), and the Summary Notice of Proposed Settlement of Shareholder Derivative Action, substantially in the form attached hereto as Exhibit A-2 ("Summary Notice"), and shall be provided to Current ARAH Shareholders as follows:

(a)     Within fourteen (14) business days after the entry of the Preliminary Approval Order, ARAH shall cause to be issued a press release announcing the settlement, including instructions to Current ARAH Shareholders on how to access the Notice and this

Stipulation, and referring the Current ARAH Shareholders to ARAH's Investor Relations webpage, located at http://ir.americanrenal.com/, for more information; and

(b)      Within fourteen (14) business days after the entry of the Preliminary Approval Order, ARAH shall cause the Summary Notice to be published once in *Investor's Business Daily*.

3.      At least ten (10) calendar days prior to the Settlement Hearing, counsel for ARAH shall serve on Plaintiff's Counsel and file with the Court an appropriate affidavit or declaration with respect to posting and publishing the Notice.

**D.      Attorneys' Fees and Expenses**

1.      In recognition of the foregoing, and subject to Court approval, upon receipt from WeissLaw LLP of wiring instructions and a completed Form W-9, ARAH, on behalf of the Individual Defendants, shall pay or cause to be paid Plaintiff's Counsel's attorneys' fees and expenses in the agreed-upon amount of $350,000 (the "Attorneys' Fees and Expenses Amount"), which shall include all of Plaintiff's Counsel's attorneys' fees and costs and any service awards to Plaintiff for participation and efforts in the Action.  The Attorneys' Fees and Expenses Amount will compensate Plaintiff's Counsel for its efforts in achieving the results of the Action.  The Attorneys' Fees and Expenses Amount was negotiated with the help of the mediator and was the result of arm's-length negotiation between the Parties conducted after reaching the principal terms of settlement specified herein.

2.      The Fees and Expenses Amount shall be paid within five (5) calendar days after entry of the Final Judgment Order.  Plaintiff's Counsel shall have a joint and several obligation to refund the Fees and Expenses Amount to ARAH and/or insurers who funded the amount if, and to the extent, it is reversed or modified on appeal, or if the Effective Date does not occur.

15

3.     No Defendant shall have any responsibility or liability whatsoever with respect to the allocation of any Attorneys' Fees and Expenses Amount among Plaintiff's Counsel, or any other counsel representing or purporting to represent Plaintiff or any other Current ARAH Shareholder or any other counsel asserting a right to recover any portion of the Attorneys' Fees and Expenses Amount.   WeissLaw shall allocate the Attorneys' Fees and Expenses Amount among Plaintiff's Counsel.   The Released Parties shall have no input in, or responsibility or liability for, the allocation of the Attorneys' Fees and Expenses Amount.   Any attorney who receives any portion of the Attorneys' Fees and Expenses Amount before the Effective Date shall be subject to the requirement to refund that portion in the event that the Attorneys' Fees and Expenses Amount is reversed or modified on appeal, or if the Effective Date does not occur, as set forth in ¶ IV(D)(2), above, and ¶ IV(G)(3), below.   Any dispute regarding any allocation of fees or expenses among Plaintiff's Counsel, or any other counsel representing or purporting to represent Plaintiff or any other Current ARAH Shareholder or any other counsel asserting a right to recover any portion of the Attorneys' Fees and Expenses Amount shall have no effect on the settlement.

4.     It is not a condition of this Stipulation or the Final Judgment Order that the Court award any attorneys' fees and/or expenses to Plaintiff's Counsel.   In the event that the Court does not award attorneys' fees and/or expenses or makes an award in an amount that is less than Plaintiff's Counsel seeks or is otherwise unsatisfactory to Plaintiff's Counsel, or in the event that an attorneys' fees and expenses award is vacated or reduced on appeal, this Stipulation and the settlement, including the effectiveness of the Releases and other obligations of the Parties under the settlement, nevertheless shall remain in full force and effect.

E.    **Release**

1.    Upon the entry of the Final Judgment Order, Plaintiff shall, and each Current ARAH Shareholder derivatively on behalf of ARAH, and their respective agents, spouses, heirs, predecessors, successors, personal representatives, representatives and assigns, in their capacities as such only, shall be deemed to have, and by operation of this Stipulation and the Final Judgment Order and to the fullest extent permitted by law, shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims, excluding claims relating to the enforcement of the settlement.

2.    Upon the entry of the Final Judgment Order, ARAH, the Released Parties, and all Current ARAH Shareholders, and their respective agents, spouses, heirs, predecessors, successors, personal representatives, representatives and assigns, in their capacities as such only, shall be deemed to have, and by operation of this Stipulation and the Final Judgment Order and to the fullest extent permitted by law, shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

3.    Upon the entry of the Final Judgment Order, Plaintiff shall, and each Current ARAH Shareholder derivatively on behalf of ARAH, shall be forever barred and enjoined from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

4.       Nothing in this Stipulation or the releases described in this ¶ IV(E) is intended to, or should be construed as, limiting or restricting the rights or claims any of the Defendants have against an insurer, if any, under any policy of insurance or otherwise.

**F.       Judgment To Be Entered By The Court Approving The Settlement**

1.       If the Court approves the settlement set forth in this Stipulation (including any modification thereto made with the consent of the Parties as provided for herein) following the Settlement Hearing, the Parties shall jointly and promptly request that the Court enter an Order and Final Judgment in the Action that is in substance materially the same as Exhibit B attached hereto, which shall specifically include provisions which:

(a)       Approve the settlement set forth in this Stipulation as fair, reasonable, and adequate to Current ARAH Shareholders and direct consummation of the settlement in accordance with the terms and provisions of this Stipulation;

(b)       Fully and finally dismiss the Action with prejudice, and without costs (except as may be provided herein) to any Party as against any other;

(c)       Adjudge that, upon entry of the Final Judgment Order, Plaintiff and all Current ARAH Shareholder shall conclusively be deemed to have released all Released Claims;

(d)       Bar and permanently enjoin Plaintiff and all Current ARAH Shareholders, upon entry of the Final Judgment Order, from commencing, instituting, prosecuting, continuing to prosecute, participating in, or soliciting or encouraging the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims;

(e)       Determine, pursuant to 15 U.S.C. § 78u-4(c)(1), that all counsel appearing in this Action have complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure; and

(f)     Reserve jurisdiction over: (i) implementation of this settlement; (ii) the Action, until the Effective Date; and (iii) all Parties, solely for the purpose of enforcing and administering this Stipulation.

### G.     Conditions Of Settlement; Effect Of Disapproval, Cancellation, Or Termination

1.     The Effective Date of the settlement shall be deemed to occur on the occurrence or waiver in writing by all Parties in its, his or her sole discretion of all of the following events:

(a)     the Court has entered an order preliminarily approving the settlement and directing notice of the Action and settlement to Current ARAH Shareholders, in substance materially the same as ¶ IV(C) and Exhibit A;

(b)     the Court has entered an Order and Final Judgment, in substance materially the same as ¶ IV(F) and Exhibit B, or in the event of material alteration, such alteration is consented to by the Parties; and

(c)     the Order and Final Judgment becomes Final.

2.     Each Defendant shall have the right to terminate this Stipulation as to all Parties by providing written notice of its, his or her election to do so, through counsel, to all other Parties hereto within thirty (30) calendar days after the Court's refusal to enter the Final Judgment Order without material alteration or, in the event of material alteration, without each Party's consenting to such alteration in writing in its, his or her sole discretion (other than as to the Attorneys' Fees and Expenses Amount) or to dismiss the Action with prejudice.

3.     In the event that this Stipulation is voided, terminated, cancelled, or fails to become effective for any reason whatsoever, then Plaintiff's Counsel shall cause the Fees and Expenses Amount and all interest earned thereon to be refunded to ARAH and/or insurer(s) who

funded such amount.  In such an event, the Parties shall be deemed to have reverted to their respective statuses in the Action as of the time immediately prior to the mediation (*i.e.*, January 26, 2018), and they shall proceed in all respects as if this Stipulation, its exhibits, and any related agreements or orders, had never been executed, with the exception of ¶¶ IV(H)(1) and IV(I)(11) of the Stipulation..  In such event, the Parties jointly will seek vacation of any order entered or actions taken in connection with this Stipulation.

> **H.**    **No Admissions**

1.    Except as otherwise expressly provided herein, this Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)    shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of Defendants;

(b)    shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)    shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; *provided, however*, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder; and/or

(d)     shall not be construed against any of the Defendants for any purpose, including without limitation as a presumption, concession, or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

## I.     Miscellaneous

1.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

2.     This Stipulation may be amended or modified only by a written instrument signed by all of the Parties to this Stipulation or their successors-in-interest, except to the extent that any modification would be inconsistent with any order by the Court.

3.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party to this Stipulation, or by that Party or by any other Party to this Stipulation of any other prior or subsequent breach of this Stipulation.

4.     This Stipulation and its exhibits constitute the entire agreement among the Parties hereto with respect to the subject matter hereof, and no representations, warranties or inducements have been made to any Party concerning this Stipulation and its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

5.     Plaintiff's Counsel, on behalf of the Current ARAH Shareholders, is authorized to take all appropriate action required or permitted to be taken by the Current ARAH Shareholders pursuant to this Stipulation to effectuate its terms.

6.      This Stipulation will be executed on behalf of the Parties hereto by their respective counsel of record.  All counsel executing this Stipulation represent and warrant that they are authorized and empowered to execute this Stipulation on behalf of their stated client(s), and that the signature of such counsel is intended to and does legally bind stated client(s) of such counsel.

7.      This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties hereto shall exchange among themselves signed counterparts.  Signatures may be originals, or facsimile or .pdf copies.

8.      This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to this Stipulation.

9.      All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Delaware, except to the extent that federal law applies.

10.     The Parties to this Stipulation and their counsel agree to use their good faith best efforts, and to take all reasonable steps necessary, to obtain the entry of the Final Judgment Order and to effectuate the settlement set forth in this Stipulation.

11.     The Parties and their counsel agree to refrain from making any public statements regarding the subject matter hereof, other than the Notice and other public statements contemplated herein.  Notwithstanding the foregoing, ARAH may issue such public statements as are necessary to comply with applicable law, including but not limited to federal and state securities laws.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the date stated above.

Respectfully submitted,

STEPHEN BUSHANSKY,

By his attorneys,

*/s/* David C. Katz
Joseph H. Weiss
David C. Katz (admitted *pro hac vice*)
**WEISSLAW LLP**
1500 Broadway
New York, New York 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
jweiss@weisslawllp.com
dkatz@weisslawllp.com

Edward F. Haber (BBO# 215620)
Adam M. Stewart (BBO# 661090)
**SHAPIRO HABER & URMY LLP**
Seaport East, Two Seaport Lane
Boston, Massachusetts 02210
Telephone: (617) 439-3939
ehaber@shulaw.com
astewart@shulaw.com

MICHAEL E. BOXER, THOMAS W.
ERICKSON, JARED S. HENDRICKS,
JOHN M. JURELLER, STEVEN M.
SILVER, PATRICK T. RYAN, SUSANNE
V. CLARK, ROBERT H. FISH, and
AMERICAN RENAL ASSOCIATES
HOLDINGS, INC.

By their attorneys,

*/s/* Jed M. Schwartz
Scott A. Edelman  (admitted *pro hac vice*)
Jed M. Schwartz  (admitted *pro hac vice*)
Elise Kent Bernanke (admitted *pro hac vice*)
**MILBANK, TWEED, HADLEY &
McCLOY LLP**
28 Liberty Street
New York, New York 10005
Tel.: 212.530.5000
Fax: 212.530.5219
sedelman@milbank.com
jschwartz@milbank.com
ebernanke@milbank.com

*/s/* Gary R. Greenberg
Gary R. Greenberg (BBO# 209420)
**GREENBERG TRAURIG, LLP**
One International Place 20th Floor
Boston, Massachusetts 02110
Tel.: 617.310.6013
Fax: 617.279.8413
greenbergg@gtlaw.com

JOSEPH A. CARLUCCI and SYED T. KAMAL

By their attorneys,

*/s/* Peter J. Kolovos
Daniel W. Halston (BBO # 548692)
Peter J. Kolovos (BBO # 632984)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel.: 617.526.6000
Fax: 617.526.5000
daniel.halston@wilmerhale.com