UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BUSHANSKY, Derivatively on Behalf of American Renal Associates Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH A. CARLUCCI, SYED T. KAMAL, MICHAEL E. BOXER, THOMAS W. ERICKSON, JARED S. HENDRICKS, JOHN M. JURELLER, STEVEN M. SILVER, PATRICK T. RYAN, SUSANNE V. CLARK, and ROBERT H. FISH, <br><br> Defendants, <br> and <br><br> AMERICAN RENAL ASSOCIATES HOLDINGS, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No.: 17-cv-12091 (ADB) |

## ORDER PRELIMINARILY APPROVING STOCKHOLDER DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT

**WHEREAS,** an action is pending before this Court entitled *Bushansky v. Carlucci, et al.*, Case No. 17 Civ. 12091 (ADB) (the "Action");

**WHEREAS,** Plaintiff Stephen Bushansky ("Plaintiff") has made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the settlement of this Action, in accordance with a Stipulation of Settlement dated as of March 29, 2018 ("Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Action with prejudice; (ii) approving

1

the dissemination of the Notice, and (iii) setting a date at least forty-five (45) calendar days from the date of this Preliminary Approval Order for the hearing at which the Court will determine whether to approve the terms of the settlement as fair, reasonable, and adequate, including the Attorneys' Fee and Expense Amount separately negotiated by the parties ("Settlement Hearing");

**WHEREAS,** the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Preliminary Approval Order; and

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court preliminarily approves the Stipulation and the terms set forth therein, subject to further consideration at the Settlement Hearing described below. In particular, the Court reserves its determination on the amount of attorneys' fees, which may be disproportionate given the other terms of the settlement.

2. This Preliminary Approval Order hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein, unless otherwise defined, shall have the same meanings as set forth in the Stipulation.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear ("Long Form Notice") and the Summary Notice of Proposed Settlement of Shareholder Derivative Action ("Summary Notice" and, together, "Notice"), annexed hereto as Exhibits A-1 and A-2, respectively, and finds that the distribution of the Notice substantially in the manner and form set forth in this Order and pursuant to ¶ IV(C)(2) of the Stipulation meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution (including the Due Process clause), and any other applicable law; is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. No later than fourteen (14) business days after the entry of the Preliminary Approval Order, ARAH shall: (i) cause to be issued a press release announcing the settlement, including instructions to Current ARAH Shareholders on how to access the Notice and this

Stipulation, and referring the Current ARAH Shareholders to ARAH's Investor Relations webpage, located at http://ir.americanrenal.com/, for more information; and (ii) cause the Summary Notice to be published once in *Investor's Business Daily*. All costs incurred in posting and publishing the Notice pursuant to this paragraph in the form and manner ordered by the Court shall be paid by ARAH.

5. At least ten (10) calendar days prior to the Settlement Hearing, counsel for ARAH shall serve on Plaintiff's Counsel and file with the Court an appropriate affidavit or declaration with respect to posting and publishing the Notice in accordance with ¶ 4 above.

6. The Settlement Hearing shall be held before this Court at 3:00 p.m. on May 31, 2018 in Courtroom 17 at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, to determine: (i) whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interest of ARAH and its stockholders and should be approved by the Court; (ii) whether an Order and Final Judgment, as provided in Exhibit B to the Stipulation, should be entered; and (iii) whether to approve the Attorneys' Fees and Expenses Amount to be paid to Plaintiff's Counsel as provided in the Stipulation. The Court may adjourn the Settlement Hearing without further notice to the Current ARAH Shareholders.

7. Any Current ARAH Shareholder as of March 29, 2018 may appear and show cause why the proposed settlement of the Action as set forth in the Stipulation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, or why attorneys' fees and expenses should or should not be awarded to Plaintiff's Counsel; provided, however, that no Current ARAH Shareholder or any other Person shall be heard or entitled to contest such matters unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are

received (and not simply postmarked) by the counsel listed below at least ten (10) calendar days before the Settlement Hearing. Moreover, said objections, papers, and briefs must be filed with the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, at least ten (10) calendar days before the Settlement Hearing. Any such objection must: (a) clearly indicate the objector's name, mailing address, telephone number, and e-mail address; (b) specify the reason(s), if any, for the objection, including any legal support for such objection; and (c) provide written documentation (whether from the objector's bank, broker or otherwise) of current ARAH stock ownership. In order to be considered, an objection also must be signed by the Current ARAH Shareholder making the objection. Any Current ARAH Shareholder who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as set forth in the Stipulation and the Final Judgment Order, or to the award of attorneys' fees and expenses to Plaintiff's Counsel, unless otherwise ordered by the Court. By objecting to the proposed settlement as set forth in the Stipulation, the Final Judgment Order, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Settlement Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the settlement, including, but not limited to, enforcement of the terms of the settlement (including the release of the Released Claims provided for in the Stipulation and Final Judgment Order).

*Plaintiff's Counsel*

WeissLaw LLP, David C. Katz, 1500 Broadway, 16th Floor, New York, NY 10036;

*Counsel for Defendants ARAH, Michael E. Boxer, Thomas W. Erickson, Jared S. Hendricks, John M. Jureller, Steven M. Silver, Patrick T. Ryan, Susanne V. Clark, and Robert H. Fish*

Milbank, Tweed, Hadley & McCloy LLP, Jed M. Schwartz, 28 Liberty Street, New York, NY 10005

*Counsel for Defendants Joseph A. Carlucci and Syed T. Kamal*

Wilmer Cutler Pickering Hale and Dorr LLP, Daniel W. Halston, 60 State Street, Boston, MA 02109

8. All papers in support of the settlement and the award of attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

9. The Court reserves the right to adjourn the date of the Settlement Hearing and to modify any other dates set forth herein without further notice to the Current ARAH Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Current ARAH Shareholders. The Court further reserves the right to enter its Final Judgment Order approving the settlement and dismissing the Action on the merits and with prejudice regardless of whether it has awarded attorneys' fees and expenses.

10. All Current ARAH Shareholders shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Current ARAH Shareholders. If the settlement is approved, all Current ARAH Shareholders will be bound by the settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court affecting the Current ARAH Shareholders.

11. Neither the Stipulation, whether or not consummated, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it:

    (a) shall be offered or received against any of the Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any

fact alleged by Plaintiff or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) shall be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) shall be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder; and/or

(d) shall be construed against any of the Defendants for any purpose, including without limitation as a presumption, concession, or admission that the consideration to be given thereunder represents the amount that could be or would have been recovered after trial.

12. If the Stipulation and the settlement set forth therein fail to become effective in accordance with their terms, or if the Final Judgment Order is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any Party elects to terminate the settlement), this Preliminary Approval Order (except ¶ 11) shall be null and void, the settlement shall be deemed terminated, and the Parties shall return to their positions as of January 26, 2018, without prejudice to the rights of the Parties *status quo ante*.

13. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

Pending final determination of whether the settlement should be approved, all Current ARAH Shareholders are enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

**SO ORDERED.**

April 10, 2018                                    /s/ Allison D. Burroughs
                                                  ALLISON D. BURROUGHS
                                                  UNITED STATES DISTRICT JUDGE