Exhibit A-1

# **EXHIBIT A-1**

Exhibit A-1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BUSHANSKY, Derivatively on Behalf of American Renal Associates Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH A. CARLUCCI, SYED T. KAMAL, MICHAEL E. BOXER, THOMAS W. ERICKSON, JARED S. HENDRICKS, JOHN M. JURELLER, STEVEN M. SILVER, PATRICK T. RYAN, SUSANNE V. CLARK, and ROBERT H. FISH, <br><br> Defendants, <br><br> and <br><br> AMERICAN RENAL ASSOCIATES HOLDINGS, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 17-cv-12091 (ADB) |

## NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION, SETTLEMENT HEARING AND RIGHT TO APPEAR

TO:  ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF AMERICAN RENAL ASSOCIATES HOLDINGS, INC. ("ARAH" OR THE "COMPANY") COMMON STOCK AS OF MARCH 29, 2018.[1]

- PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

- THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED DERIVATIVE ACTION (THE "ACTION") AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.

---

[1] All capitalized terms that are not defined in this notice have the meaning ascribed to them in the Stipulation of Settlement (the "Stipulation") dated March 29, 2018, which is available on ARAH's Investor Relations webpage at http://ir.americanrenal.com/.

**NOTICE OF PROPOSED SHAREHOLDER DERIVATIVE SETTLEMENT**          **Page 1**

Exhibit A-1

- IF YOU HOLD ARAH COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.

- PLEASE NOTE THAT THE ACTION IS A DERIVATIVE ACTION BROUGHT BY A STOCKHOLDER OF THE COMPANY FOR THE BENEFIT OF THE COMPANY, AND THERE IS NO CLAIM FORM BECAUSE NO INDIVIDUAL HAS A RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THE DERIVATIVE ACTION.

- THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES IN THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.

Notice is hereby provided to you of the proposed settlement of this stockholder derivative action. This Long Form Notice is provided by Order of the United States District Court for the District of Massachusetts (the "Court"). It is not an expression of any opinion by the Court with respect to the truth of the allegations in the Action or merits of the claims or defenses asserted by or against any party. It is solely to notify you of the terms of the proposed settlement and your rights related thereto. Capitalized terms not otherwise defined shall have the definitions set forth in the Stipulation of Settlement, dated March 29, 2018 ("Stipulation"). The text of the Stipulation can be viewed and/or downloaded at http://ir.americanrenal.com/.

Your rights may be affected by the settlement of the Action styled *Bushansky v. Carlucci, et al.*, Case No. 17-cv-12091, filed in the Court on October 25, 2017. Plaintiff Stephen Bushansky, derivatively on behalf of ARAH; defendants Joseph A. Carlucci, Syed T. Kamal, Michael E. Boxer, Thomas W. Erickson, Jared S. Hendricks, John M. Jureller, Steven M. Silver, Patrick T. Ryan, Susanne V. Clark, and Robert H. Fish ("Individual Defendants"); and nominal defendant ARAH (together with Plaintiff and the Individual Defendants, the "Parties"), have agreed upon terms to settle the above-referenced litigation and have signed the Stipulation setting forth those settlement terms.

On _____, 2018 at _____, a hearing (the "Settlement Hearing") will be held before the Court at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 to determine: (i) whether the terms of the settlement are fair, reasonable, and adequate, including the separately negotiated amount for Plaintiff's Counsel's attorneys' fees and expenses, and should be finally approved; (ii) whether a final judgment should be entered and the Action dismissed with prejudice pursuant to the Stipulation; and (iii) such other matters as may be necessary or proper under the circumstances.

**NOTICE OF PROPOSED SHAREHOLDER DERIVATIVE SETTLEMENT**            Page 2

Exhibit A-1

## I. BACKGROUND OF THE ACTION

ARAH is a Delaware corporation that is in the business of providing outpatient dialysis services. ARAH's stock has been traded on the New York Stock Exchange since its April 20, 2016 Initial Public Offering ("IPO").

On January 27, 2017, ARAH shareholder Stephen Bushansky, through his counsel, sent a demand letter to the Board of Directors of ARAH (the "Board") setting out his concerns that ARAH had been damaged as a result of alleged misconduct with respect to ARAH's patient education program and charitable contributions to third-party premium assistance programs (the "Demand"). The Demand requested that the Board: (i) perform a thorough and far-reaching investigation of the allegations set forth in the Demand and of the Company's internal controls, corporate governance practices and procedures, and compliance mechanisms; (ii) institute claims against persons on behalf of the Company; and (iii) adopt and implement internal controls, compliance mechanisms, and corporate governance measures.

In response to the Demand, the Board formed a special committee (the "Demand Committee"), which was comprised of three of the six outside, non-management independent directors. After conducting a good faith investigation into the allegations of misconduct, with the assistance of outside counsel, the Demand Committee made a recommendation to the Board that it refuse the Demand and not commence any action against any of the individuals named in the Demand. The Board thereafter accepted the Demand Committee's recommendation and voted to refuse the Demand. Plaintiff was informed of the Board's refusal on May 8, 2017. Between May 23, 2017 and June 6, 2017, counsel for Plaintiff and ARAH exchanged letters further discussing the Demand and the Board's refusal.

On October 25, 2017, Bushansky commenced the instant Action by filing with the Court a Verified Shareholder Derivative Complaint, alleging that the Board wrongfully refused the Demand and asserting claims against the Individual Defendants for (i) violation of Section 14(a) of the Securities Exchange Act of 1934 based on negligence, (ii) breach of fiduciary duty, (iii) gross mismanagement, and (iv) unjust enrichment in connection with the allegations stated in the Demand. Plaintiff also sought indemnification, restitution, and an order that ARAH make various reforms to its compliance, internal controls, and corporate governance practices. Defendants deny each and every claim alleged by Plaintiff. When filed, the Action was related to the securities class action lawsuit, *Esposito, et al. v. American Renal Associates Holdings, Inc., et al.*, No. 16-cv-11797 (the "Securities Class Action").

In December 2017, Plaintiff's Counsel was contacted by Jed Melnick, Esq., a mediator at JAMS who had successfully mediated terms for resolution of the Securities Class Action. In the call, Plaintiff agreed to attempt to mediate a resolution of this Action with the assistance of Mr. Melnick and JAMS. In furtherance of the effort to resolve the Action, on December 20, 2017, at the request of Plaintiff's Counsel, counsel for ARAH sent a letter summarizing the corporate governance changes ARAH has undertaken since the date of the Demand, and relating to the matters discussed in the Demand.

On January 17, 2018, the Parties filed a joint motion for a stipulated order establishing a schedule for Defendants' response to the complaint. Defendants accepted service of the

complaint without prejudice and without waiver of any defenses, including any arguments regarding personal jurisdiction.

Counsel for Plaintiff and ARAH participated in a mediation conducted by Mr. Melnick, JAMS mediator, on January 26, 2018.  At the mediation, Plaintiff and ARAH were able to agree upon the terms of a settlement of the Action.  After the principle terms of settlement were agreed to, the parties, with the assistance of Mr. Melnick, then negotiated the Attorneys' Fees and Expenses to be paid to Plaintiff's Counsel, subject to the Court's approval.

## II. TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT

The principal terms, conditions, and other matters that are part of the settlement, which is subject to approval by the Court, are summarized below.  This summary should be read in conjunction with, and is qualified in its entirety by reference to, the Stipulation, which is available at http://ir.americanrenal.com/.

ARAH acknowledges that Plaintiff's Demand constituted a factor in numerous post-Demand changes implemented within the Compliance and Accounts Receivable departments of the Company, including (i) ARAH expanded the Compliance Department to include a new Deputy Compliance Officer to assist the Chief Compliance Officer with oversight and implementation of all aspects of the Company's compliance program; (ii) ARAH hired an individual with seventeen years of relevant compliance experience to fill the newly-created position of Deputy Compliance Officer; (iii) ARAH has implemented several changes to its Accounts Receivable division.  ARAH restructured the Accounts Receivable division such that the collections function for the government and self-pay insurance is performed in a department distinct from collections for commercial insurance.  The departments are supervised by independent senior directors who report directly to ARAH's Chief Financial Officer; and (iv) ARAH introduced a second senior management position to the Patient Insurance Education and Certified Application Counselor programs.  While the existing Senior Director of Accounts Receivable Patient Insurance Education continues to supervise patient insurance educators, the new Senior Director of Patient Insurance Education is responsible for overseeing the training, support, and compliance aspects of the insurance education program.  Both the Senior Director of Accounts Receivable Patient Insurance Education and the new Senior Director of Patient Insurance Education report directly to ARAH's Chief Financial Officer.  The following corporate governance changes represent ongoing changes that have been established or will be implemented by ARAH and the Board as a direct and substantial result of the prosecution and/or settlement of the Action:  (i) the Company's Compliance Committee Charter has been amended to provide that the Chief Financial Officer of ARAH, to whom several officers responsible for compliance report, may call a special meeting of the Compliance Committee (in addition to those authorized under the prior Compliance Committee Charter); and (ii) the Company's Compliance Committee Charter has been amended to provide that the Compliance Committee may retain independent counsel of its choosing if and when it deems necessary, the fees for any such counsel to be paid by ARAH.

### III. PLAINTIFF'S COUNSEL'S SEPARATELY NEGOTIATED ATTORNEYS' FEES AND EXPENSES

In recognition of the foregoing, and subject to Court approval, ARAH, on behalf of the Individual Defendants, has agreed to pay or cause to be paid Plaintiff's Counsel's attorneys' fees and expenses in the amount of $350,000 (the "Attorneys' Fees and Expenses Amount"), which shall include all of Plaintiff's Counsel's attorneys' fees and costs and any service awards to Plaintiff for participation and efforts in the Action. To date, Plaintiff's Counsel has not received any payments for its efforts on behalf of ARAH shareholders. The Attorneys' Fees and Expenses Amount will compensate Plaintiff's Counsel for its efforts in achieving the results of the Action. The Attorneys' Fees and Expenses Amount was negotiated with the help of the mediator and was the result of arm's-length negotiation between the Parties conducted after reaching the principal terms of settlement as specified herein.

### IV. REASONS FOR THE SETTLEMENT

The Parties have determined that it is desirable and beneficial that the Action and any dispute related thereto is fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation, and Plaintiff's Counsel believes that the settlement is in the best interest of the Parties and Current ARAH Shareholders.

#### A. Why Did Plaintiff Agree to Settle?

Plaintiff and Plaintiff's Counsel believe that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Plaintiff's Counsel also recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and appeal. Plaintiff and Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiff and Plaintiff's Counsel are also mindful of the inherent problems of proving the violations asserted in the Action. In consideration of the mediation that led to the settlement and after weighing the risks of continued litigation, Plaintiff and Plaintiff's Counsel have determined that it is in the best interests of ARAH and its shareholders that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, and that these terms and conditions are fair, reasonable, adequate, and confer substantial benefits to ARAH and its shareholders.

#### B. Why Did the Defendants Agree to Settle?

Defendants deny each and all of the claims and contentions alleged in the Action. Moreover, Defendants expressly deny any misconduct alleged in the Action and further deny any wrongdoing, legal liability, or violation of any laws arising out of any of the conduct alleged in the Action. Furthermore, Defendants believe they have substantial defenses to the claims alleged against them in the Action. And neither the Stipulation, nor any document referred to therein, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing, or liability whatsoever or the lack of merit of any defense that had been or could have been asserted to such claim.

Defendants nevertheless recognize that further conduct of the Action against them would be protracted, expensive, and distracting. If the Action is not settled, substantial amounts of time, energy, and resources have been and, unless this settlement is made, will have to be devoted to the defense of the claims asserted in the Action. Defendants have, therefore, determined that it is desirable and beneficial to them and to the Company that the Action should be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation to eliminate the burden and expense of further protracted litigation.

## V. SETTLEMENT HEARING

On _____, 2018 at _____, the Court will hold the Settlement Hearing at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. At the Settlement Hearing, the Court will consider: (i) whether the terms of the settlement are fair, reasonable, and adequate, including the separately negotiated amount for Plaintiff's Counsel's attorneys' fees and expenses, and should be finally approved; (ii) whether the Final Judgment Order should be entered and the Action dismissed with prejudice pursuant to the Stipulation; and (iii) such other matters as may be necessary or proper under the circumstances.

Pending final determination of whether the settlement should be approved, all Current ARAH Shareholders are enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

## VI. RIGHT TO ATTEND SETTLEMENT HEARING

ARAH shareholders as of March 29, 2018, may, but are not required to, appear in person at the Settlement Hearing. If you want to be heard at the Settlement Hearing, then you must first comply with the procedures for objecting, which are set forth below. The Court has the right to change the hearing date or time without further notice. Thus, if you are planning to attend the Settlement Hearing, you should confirm the date and time before going to the Court. ARAH shareholders who have no objection to the settlement do not need to appear at the settlement hearing or take any other action.

### A. Right to Object to the Proposed Derivative Settlement and Procedures for Doing So

Any ARAH shareholder as of March 29, 2018, may appear and show cause, if he, she, or it has any reason why the settlement of the Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why separately negotiated attorneys' fees and expenses should not be approved. You must object in writing, and you may request to be heard at the Settlement Hearing. If you choose to object, then you must follow these procedures.

### B. You Must Make Detailed Objections in Writing

Any objections must be presented in writing and must contain the following information:

1. Your name, legal address, telephone number, and e-mail address;

2. Proof of being an ARAH shareholder as of March 29, 2018;

3. A statement of your position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made and any legal support for such objection;

4. Notice of whether you or your counsel intend to appear at the Settlement Hearing (appearance is not required if you have lodged your objection with the Court);

5. Signature of the shareholder making the objection.

The Court may not consider any objection that does not substantially comply with these requirements.

C. **You Must Timely Deliver Written Objections to the Court and Counsel for Plaintiff and Defendants**

YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2018 [10 calendar days before the Settlement Hearing]. The Court Clerk's address is:

Clerk of the Court
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO COUNSEL FOR PLAINTIFF AND DEFENDANTS SO THEY ARE RECEIVED NO LATER THAN [10 calendar days before the Settlement Hearing], 2018. Counsel's addresses are:

*Plaintiff's Counsel*

Joseph H. Weiss
David C. Katz
WeissLaw LLP
1500 Broadway, 16th Floor
New York, NY 10036;


*Counsel for Defendants ARAH, Michael E. Boxer, Thomas W. Erickson, Jared S. Hendricks, John M. Jureller, Steven M. Silver, Patrick T. Ryan, Susanne V. Clark, and Robert H. Fish*

Scott A. Edelman
Jed M. Schwartz
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY 10005

*Counsel for Defendants Joseph A. Carlucci and Syed T. Kamal*

Daniel W. Halston
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court and delivered to the above counsel. Any Person or entity who fails to object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as set forth in the Stipulation and the Final Judgment Order, or to the award of attorneys' fees and expenses to Plaintiff's Counsel, unless otherwise ordered by the Court.

**VII.   HOW TO OBTAIN ADDITIONAL INFORMATION**

This Long Form Notice is a summary and does not describe all of the details of the Stipulation. For precise terms and conditions of the settlement, you may review the Stipulation filed with the Court, as well as the other pleadings and records of this litigation, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. You may also view and/or download the Stipulation at http://ir.americanrenal.com/.

If you have any questions about the settlement of the Action, you may contact Plaintiff's Counsel: Joseph H. Weiss or David C. Katz, WeissLaw LLP, 1500 Broadway, 16th Floor, New York, NY 10036, telephone: (212) 682-3025, email dkatz@weisslawllp.com.

PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: April 10, 2018                           BY ORDER OF THE DISTRICT COURT,
                                                UNITED STATES DISTRICT COURT
                                                DISTRICT OF MASSACHUSETTS

# **EXHIBIT A-2**

Exhibit A-2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BUSHANSKY, Derivatively on Behalf of American Renal Associates Holdings, Inc., <br><br>Plaintiff, <br><br>v. <br><br>JOSEPH A. CARLUCCI, SYED T. KAMAL, MICHAEL E. BOXER, THOMAS W. ERICKSON, JARED S. HENDRICKS, JOHN M. JURELLER, STEVEN M. SILVER, PATRICK T. RYAN, SUSANNE V. CLARK, and ROBERT H. FISH, <br><br>Defendants, <br><br>and <br><br>AMERICAN RENAL ASSOCIATES HOLDINGS, INC., a Delaware Corporation, <br><br>Nominal Defendant. | Case No. 17-cv-12091 (ADB) |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION**

**TO: ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF AMERICAN RENAL ASSOCIATES HOLDINGS, INC. ("ARAH" OR THE "COMPANY") COMMON STOCK AS OF MARCH 29, 2018. PLEASE NOTE THAT THIS ACTION IS NOT A "CLASS ACTION" AND NO INDIVIDUAL ARAH SHAREHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THIS SETTLEMENT. PLEASE NOTE THAT THE ACTION IS A DERIVATIVE ACTION BROUGHT BY A SHAREHOLDER OF THE COMPANY FOR THE BENEFIT OF THE COMPANY, AND THERE IS NO CLAIM FORM BECAUSE NO INDIVIDUAL HAS A RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THE DERIVATIVE ACTION.**

PLEASE TAKE NOTICE that the shareholder derivative action captioned *Bushansky v. Carlucci, et al.*, Case No. 17-cv-12091 (the "Action") is being settled and the parties have entered into a Stipulation of Settlement, dated March 29, 2018 (the "Stipulation"). The terms of the proposed settlement of the Action are set forth in the Stipulation and all capitalized terms herein have the same meaning as defined in the Stipulation. This notice should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court. A further notice describing the Action along with the text of the

Exhibit A-2

Stipulation is available on ARAH's Investor Relations webpage, located at http://ir.americanrenal.com/.

The terms of the settlement set forth in the Stipulation include: (i) implementation and/or continuation of certain corporate governance and internal controls measures specified in the Stipulation; and (ii) ARAH's payment of Plaintiff's Counsel's fees and expenses in the amount of $350,000.

IF YOU ARE A CURRENT RECORD OR BENEFICIAL OWNER OF ARAH COMMON STOCK AS OF MARCH 29, 2018, YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.

On _____, 2018 at _____, a hearing (the "Settlement Hearing") will be held before the United States District Court for the District of Massachusetts (the "Court") at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 to determine: (i) whether the terms of the settlement are fair, reasonable, and adequate, including the separately negotiated amount for Plaintiff's Counsel's attorneys' fees and expenses, and should be finally approved; (ii) whether a final judgment should be entered and the Action dismissed with prejudice pursuant to the Stipulation; and (iii) such other matters as may be necessary or proper under the circumstances.

Any ARAH shareholder as of March 29, 2018 shall have a right to appear and to be heard at the Settlement Hearing. However, no shareholder shall be heard at the Settlement Hearing unless, no later than ten (10) calendar days prior to the date of the Settlement Hearing, such shareholder has filed with the Court and delivered to counsel for the Parties a written notice of objection, the grounds for objecting to the settlement, and proof of both the shareholder's status as a shareholder and the date of ownership. Only shareholders who have filed and delivered validly and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

Any written notice of objection must contain the following information:

1. Your name, legal address, telephone number, and e-mail address;

2. Proof of being an ARAH shareholder as of March 29, 2018;

3. A statement of your position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made and any legal support for such objection;

4. Notice of whether you or your counsel intend to appear at the Settlement Hearing (appearance is not required if you have lodged your objection with the Court);

5. Signature of the shareholder making the objection.

If you wish to object to the settlement, you must file a written objection setting forth the grounds for such objection and the information listed above with the Court on or before

Exhibit A-2

_____, 2018 [10 calendar days before the Settlement Hearing], with service to the following parties:

*Plaintiff's Counsel*

Joseph H. Weiss
David C. Katz
WeissLaw LLP
1500 Broadway, 16th Floor
New York, NY 10036;

*Counsel for Defendants ARAH, Michael E. Boxer, Thomas W. Erickson, Jared S. Hendricks, John M. Jureller, Steven M. Silver, Patrick T. Ryan, Susanne V. Clark, and Robert H. Fish*

Scott A. Edelman
Jed M. Schwartz
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY 10005

*Counsel for Defendants Joseph A. Carlucci and Syed T. Kamal*

Daniel W. Halston
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court and delivered to the above counsel. *Any Person or entity who fails to object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as set forth in the Stipulation and the Final Judgment Order, or to the award of attorneys' fees and expenses to Plaintiff's Counsel, unless otherwise ordered by the Court. ARAH shareholders who have no objection to the settlement do not need to appear at the Settlement Hearing or take any other action.*

Inquiries may be made to Plaintiff's Counsel: Joseph H. Weiss or David C. Katz, WeissLaw LLP, 1500 Broadway, 16th Floor, New York, NY 10036, telephone: (212) 682-3025, email dkatz@weisslawllp.com.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

DATED: April 10, 2018  BY ORDER OF THE DISTRICT COURT, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS