UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN BUSHANSKY, Derivatively on Behalf of American Renal Associates Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH A. CARLUCCI, SYED T. KAMAL, MICHAEL E. BOXER, THOMAS W. ERICKSON, JARED S. HENDRICKS, JOHN M. JURELLER, STEVEN M. SILVER, PATRICK T. RYAN, SUSANNE V. CLARK, and ROBERT H. FISH, <br><br> Defendants, <br> and <br><br> AMERICAN RENAL ASSOCIATES HOLDINGS, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No. 17-cv-12091-ADB |

## **ORDER AND FINAL JUDGMENT**

**WHEREAS**, this matter in the above-captioned action (the "Action") came before the Court for hearing pursuant to the Order of this Court dated April 10, 2018 (the "Preliminary Approval Order"), on the application of the parties for preliminary approval of the proposed settlement set forth in the Stipulation of Settlement dated as of March 29, 2018, and the exhibits thereto (the "Stipulation"); and

**WHEREAS**, due and adequate notice has been given of the settlement as required in the Preliminary Approval Order; and

**WHEREAS**, the Court has reviewed and considered all documents, evidence, objections

(if any), and arguments presented in support of or against the settlement, and the Court has been fully advised of the premises for the settlement and good cause appearing therefore;

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms not otherwise defined herein shall have the same meanings set forth in the Stipulation.

2. For purposes of effectuating the settlement, the Court has jurisdiction over the subject matter of the Action and all parties to the Action, including but not limited to: Plaintiff; Joseph A. Carlucci, Syed T. Kamal, Michael E. Boxer, Thomas W. Erickson, Jared S. Hendricks, John M. Jureller, Steven M. Silver, Patrick T. Ryan, Susanne V. Clark, and Robert H. Fish (the "Individual Defendants"); nominal defendant American Renal Associates Holdings, Inc. ("ARAH"); and any Person who held or beneficially held ARAH common stock as of March 29, 2018 and who continued to hold her, his, or its ARAH common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant (the "Current ARAH Shareholders").

3. The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that all counsel appearing in this Action have complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure during the course of the litigation of the Action.

4. The Court finds that the terms of the settlement as set forth in the Stipulation are fair, reasonable, and adequate as to each of the Parties and to Current ARAH Shareholders, and hereby finally approves in all respects the settlement as set forth in the Stipulation, and orders the Parties to perform its terms to the extent the Parties have not already done so.

5.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation.

6.     Plaintiff and all Current ARAH Shareholders are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged ARAH, Joseph A. Carlucci, Syed T. Kamal, Michael E. Boxer, Thomas W. Erickson, Jared S. Hendricks, John M. Jureller, Steven M. Silver, Patrick T. Ryan, Susanne V. Clark, and Robert H. Fish, all and each of them, and all and each of their respective past and present parents, subsidiaries, and affiliated corporations and entities, the predecessors and successors and assigns in interest of any of them, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), and all and each of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, and insurers, and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing (all of them are the "Released Parties"), with respect to the "Released Claims," defined as any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether derivative, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of

any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which Current ARAH Shareholders or any of them, whether directly, representatively, derivatively, or in any other capacity, now have, ever had, or ever will have against Released Parties, arising from or relating in any way to, directly or indirectly, any conduct alleged in the Action or that could have been alleged on behalf of ARAH, including those that were threatened, asserted, or could have been asserted by any of ARAH's shareholders, or that ARAH could have asserted directly, in any court, tribunal, forum or proceeding, against any of the Defendants or the other Released Parties.

7. ARAH, the Released Persons, the Insurer, and all Current ARAH Shareholders, and their respective agents, spouses, heirs, predecessors, successors, personal representatives, representatives and assigns, in their capacities as such only, are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiff and Plaintiff's Counsel, and all and each of their respective past and present officers, directors, employees, managers, members, agents, affiliates, partners, representatives, spouses, heirs, executors, trustees, administrators, and insurers, and legal or other representatives; and the predecessors, successors, heirs, executors, administrators, advisors, and assigns of each of the foregoing and their respective agents, spouses, heirs, predecessors, successors, personal representatives, representatives and assigns, in their capacities as such only, from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

8. Plaintiff and all Current ARAH Shareholders are hereby barred and permanently enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or

equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

9. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

10. This Court hereby approves the Attorneys' Fees and Expenses Amount of $350,000, in accordance with the Stipulation, and finds that such fee is fair and reasonable.

11. Except as otherwise expressly provided herein, the Stipulation and settlement, whether or not consummated, and any proceedings taken pursuant to it:

    a. shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that had been or could have been asserted against Defendants in the Action or in any proceeding, or the lack of merit of any defense that had been or could have been asserted to such claim, or of any liability, negligence, fault or wrongdoing of the Defendants;

    b. shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

    c. shall not be offered or received against any of the Defendants for any purpose, including without limitation as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other

reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding; and/or

        d.    shall not be construed against any of the Defendants for any purpose, including without limitation as a presumption, concession or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

12.    Without affecting the finality of this Judgment in any way, the Court hereby retains and reserves jurisdiction over: (a) implementation of this settlement; (b) the Action, until the Effective Date; (c) all Parties, for the purpose of enforcing and administering the Stipulation and the terms set forth therein; and (d) any other matters solely related to the settlement.

13.    In the event that this Judgment does not become Final in accordance with ¶ IV(A)(5) of the Stipulation, and the Effective Date in accordance with ¶ IV(G)(1) of the Stipulation does not occur, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the settlement shall be null and void, except to the extent provided by and in accordance with the Stipulation. In such event, the Parties shall return to their positions as of January 26, 2018.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 24, 2019        /s/Allison D. Burroughs
                                      ALLISON D. BURROUGHS
                                      U.S. DISTRICT JUDGE